**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BOYANG LU,<br>Room 2103, Building 4, Lane 288,<br>Zhonghuaxin Road, Shanghai,<br>P.R. of China, 200070<br>                 Plaintiff,<br><br>          v.<br><br>JAMES MCCAMENT, Acting Director<br>U.S. Citizenship and Immigration Services<br>20 Massachusetts Avenue, NW<br>Washington, DC 20529<br><br>NICHOLAS COLUCCI, Chief of Immigrant Investor Program<br>U.S. Citizenship and Immigration Services, Immigrant Investor Program<br>131 M Street NE, Mailstop 2235<br>Washington, DC 20529<br><br>ELAINE DUKE, Acting Secretary<br>Department of Homeland Security<br>245 Murray Lane, SW<br>Washington, DC 20528-0305<br><br>                Defendants | **PETITION FOR WRIT OF MANDAMUS** |

1

Plaintiff, BOYANG LU, by and through the undersigned attorneys, sues the defendants and allege as follows:

1. Plaintiff BOYANG LU ("LU") respectfully brings this petition for Writ of Mandamus seeking an Order directing Defendants to adjudicate Plaintiff's Form I-526 Petition (the "Petition"), which he submitted pursuant to the U.S. Citizenship and Immigration Services' ("USCIS") Immigrant Investor Program ("EB-5 Program") on March 23, 2015.

2. LU's Petition has been pending for twenty-nine (29) months, with no activity despite numerous communications with the USCIS Immigrant Investor Program Office ("IPO"). The delay in adjudication of LU's Petition is unreasonable as a matter of law and causing the Plaintiff substantial, continuing, and ever increasing harm.

**BACKGROUND**

3. In 1990, Congress enacted the EB-5 Program for "the promotion of economic growth, including increased export sales, improved regional productivity, job creation, and increased domestic capital investment." (Departments of Commerce, Justice, and State, the Judiciary, and Related Agencies Appropriation Act of 1993, Pub. Law 102-395, Section 610, 106 Stat. 1828, 1874).

4. The USCIS administers the EB-5 Program, which creates an employment-based visa preference for applicants who invest a determined sum in a new commercial enterprise ("NCE") which creates 10 permanent U.S. jobs. Investments are pooled in new commercial enterprises that are formed by or affiliated with an approved USCIS-designated regional center. If all EB-5 Program conditions are met, the foreign national can (subject to other standard immigration requirements and background checks) obtain lawful permanent U.S. residence status (colloquially, a "green card").

5. The USCIS reviews and approves each element of a petition to ensure its entitlement to the benefits of the EB-5 Program, namely that: a) a qualified immigrant applicant is investing lawfully obtained funds; b) in a program compliant project that can creates sufficient U.S. jobs; and, c) that the project is affiliated with a duly designated regional center.

6. In this case, the project related elements of LU's Petition were pre-approved by the USCIS in December 2014.

**THE PROJECT**

7. The Project at issue herein, called "All Aboard Florida – South Segment," is the first segment of a high-speed passenger rail service which will run 235 miles between Miami and Orlando, Florida. The initial "South Segment" stage of this development includes the construction of a 67-mile segment from Miami to West Palm Beach with terminals at three stops along the Florida East Coast railroad line. The South Segment development also features the construction of new train stations in Miami, Fort Lauderdale and West Palm Beach. The northern segment of this development will extend rail service to Orlando International Airport.

8. CanAm Florida Regional Center (the "Regional Center") submitted detailed Project documents to the USCIS in its Form I-924 Application (the "I-924 Application"), which the USCIS approved on December 15, 2014.

9. The business plan approved by the USCIS set forth detailed information relating to all aspects of the Project: corporate structure (the regional center, the new commercial enterprise, the borrowing entities and job creation entities), financial issues (the structure of the investment, the offering documents, budgets, collateral, market feasibility, risk factors and job creation), the improvements to be made (rail infrastructure, rolling stock, stations, signaling / communications, and maintenance facilities), and a description of approvals and permitting.

10. The USCIS approved the All Aboard Florida – South Segment development as an "actual project" supported by an Exemplar Form I-526 Petition, which pursuant to USCIS' own policy, entitles related Form I-526 Petitions filed by individual immigrant investors, such as the one filed by LU, to deference regarding the Project portion of the petitions.

11. On July 10, 2017, the USCIS issued an email Request for Clarification ("RFC") to the Regional Center's previously approved I-924 Application seeking confirmation of a few straightforward housekeeping details, such as a list of investors who are filing Form I-526 Petitions related to the Project and confirmation that the escrow agent received certification that the Project was approved by the USCIS. The Regional Center promptly responded to the RFC on July 14, 2017 with the confirming information. However, despite the USCIS' indication that it would process the response within fourteen (14) days, the agency has not taken any actions related to the Project or any of its investors to date.

12. As of the second quarter of 2017, the Project had expended nearly ninety percent of its budget, which has resulted in the creation of virtually all the requisite EB-5 Program qualifying jobs.

13. To date, only five Form I-526 Petitions related to the Project have been adjudicated, with hundreds of such petitions pending well beyond the USCIS published processing times.

**PLAINTIFF'S FORM I-526 PETITION**

14. On March 23, 2015, LU submitted the Petition to the USCIS pursuant to the EB-5 Program.

15. Prior to filing the Petition, LU made the required investment of $500,000 in the "Florida Regional Center, LP I," which is the NCE associated with the All Aboard Florida – South Segment Project.

16. While the USCIS stated as of August 22, 2017 that it was processing Form I-526 Petitions filed as of November 22, 2015, LU's I-526 Petition, which was filed on March 23, 2015, has yet to be adjudicated.

17. Over the course of the 29 month pendency of LU's Petition, the Regional Center has made numerous inquiries directly to the IPO about the status of the long-pending Form I-526 Petitions associated with the Project.

18. For example, in response to the Regional Center's April 17, 2017 correspondence, the IPO indicated on April 24, 2017 that the Form I-526 Petitions were assigned to a team for adjudication on March 21, 2017 and that notices of action would issue "within the next 30 days".

19. USCIS did not adjudicate any immigrant investors' petitions, including LU's Petition, within the promised thirty days.

20. The Regional Center wrote to the IPO again on May 24, 2017 and again on June 1, 2017.

21. On June 5, 2017, the IPO responded: "We recognize that we initially told you to expect action within 30 days of our response sent on April 24, 2017 . . . but please feel free to follow up again if we have not taken an action prior to Friday, June 23, 2017."

22. The USCIS did not take action on any immigrant investors' petitions, including LU's Petition, prior to June 23, 2017.

23. On June 22, 2017, the Regional Center again wrote to the IPO and received the following response on June 23, 2017: "We apologize for the additional delay in the adjudication of the pending petitions . . . but please feel free to follow up again if we have not taken an action prior to July 21, 2017."

24. The USCIS did not take action on any immigrant investors' petitions, including LU's Petition, prior to July 21, 2017.

25. The above efforts represent part of the Regional Center's efforts to obtain information about the status of long-pending Form I-526 Petitions associated with the Project. And despite these efforts and the elapse of 29 months, LU's Petition – among the first of hundreds of investor petitions related to the Project to have been filed – has not been adjudicated.

26. On or about August 31, 2017 (four months after the IPO stated it would adjudicate the Petitions) the USCIS issued approvals on five of hundreds of pending applications, all but a handful of which were filed after LU's Petition.

27. The continued delay in the adjudication of LU's Petition is unreasonable as a matter of law and causing substantial, continuing, and ever increasing harm.

## PARTIES

28. LU is a Chinese national and immigrant investor in the EB-5 Program. He presently resides in China.

29. USCIS is the agency responsible for adjudicating Form I-526 petitions relating to the Plaintiff pursuit of conditional and unconditional permanent residence in the fifth employment-based preference under INA § 203(b)(5), 8 U.S.C. § 1153(b)(5). USCIS maintains the ultimate responsibility within the federal government for adjudicating cases under the Immigrant Investor Program including decisions regarding Form I-526 Petitions, such as Plaintiff's Petition.

30. JAMES MCCAMENT, is Acting Director of the U.S. Citizenship and Immigration Services, and is sued in his official capacity only. The USCIS is the component of the Department of Homeland Security that is responsible for adjudicating the Plaintiff's petitions.

31. ELAINE DUKE, is Acting Secretary of the U.S. Department of Homeland Security, and is sued in her official capacity only. DUKE is charged with the administration of the United States Citizenship and Immigration Services (USCIS) and implementing the Immigration and Nationality Act (8 CFR § 2.1).

32. Defendant NICHOLAS COLUCCI is the Chief of IPO and is sued in his official capacity only. The IPO is charged with the administration of the Immigration and Nationality Act and the adjudication of petitions submitted as part of the EB-5 Program. Plaintiff's Petition is currently pending at the IPO.

## JURISDICTION AND VENUE

33. Jurisdiction of the Court is predicated upon 28 USC §§ 1331 and 1346(a)(2) in that the matter in controversy arises under the Constitution and the laws of the United States, and the United States is a Defendant. This Court also has jurisdiction over the present action pursuant to 28 USC §2201, the Declaratory Judgment Act; 5 USC § 702, the Administrative Procedures Act provisions enabling judicial review of agency action; and, 28 USC § 1361, regarding an action to compel an officer of the United States to perform his or her duty.

34. Venue is proper in this District under 28 USC § 1391(e), because the Defendants are officers or employees of the United States acting in their official capacities in this district.

## FIRST CAUSE OF ACTION – WRIT OF MANDAMUS

35. Defendants owe Plaintiff a duty to adjudicate the Petition.

36. The adjudication of the Petition is a nondiscretionary duty imposed upon Defendants by statute and / or regulation.

37. Defendants owe Plaintiff a duty to adjudicate the Petition in a timely manner.

38. Defendants have failed and refused to adjudicate the Petition.

39. Defendant's delay is unreasonable.

40. Plaintiff has exhausted all available remedies through multiple inquiries into the status of the Petition.

41. Based on the foregoing, Defendants have failed to carry out their duties and obligations under the law and the Plaintiff is entitled to an order directing Defendants to adjudicate

its Petition forthwith.

**SECOND CAUSE OF ACTION – ADMINISTRATIVE PROCEDURE ACT**

42. Defendants are obligated to adjudicate petitions submitted to them in a reasonable time by the Administrative Procedures Act, 5 U.S.C. § 555(b).

43. Defendants have failed to perform their statutory duty to timely adjudicate petitions presented to them under the Administrative Procedures Act.

44. Courts may "compel agency action unlawfully held or unreasonably delayed" when the agency action is legally required, pursuant to 5 U.S.C. § 706(1).

45. The Administrative Procedures Act requires the USCIS to adjudicate the Petition.

46. USCIS does not have the discretion to fail and refuse to adjudicate the Petition, thereby abdicating its legal duty to process the Petition.

47. Defendants' failure to adjudicate is arbitrary, capricious and/or motivated by animus.

48. The USCIS has far exceeded the 180-day processing time deemed by Congress to be reasonable for adjudications of immigration (8 U.S.C. § 1571[6]), and even USCIS' own 20-month stated processing time for Form I-526 petitions.

49. As a result of Defendants' failure to comply with the Administrative Procedure Act, Plaintiff has been damaged and has incurred the costs of litigation and reasonable attorneys' fees in preparing this action.

50. Based on the forgoing, Plaintiff requests an order directing Defendants to adjudicate the Petition forthwith.

**PRAYER FOR RELIEF**

The Plaintiff requests the Court grant the following relief:

1. Order Defendants to adjudicate the Petition within 30 days or other reasonable period of time as determined by the Court.

2. Retain jurisdiction during the adjudication of the Petition in order to ensure compliance with the Court's orders.

3. Award reasonable costs and attorneys' fees; and

4. Grant such other relief as the Court may deem just and proper.

/s/_Ava C. Benach_____                    Dated:  09/06/2017

Ava C. Benach
D.C. Bar No. 481587
BENACH COLLOPY, LLP
1333 H Street, NW Suite 900 West
Washington, D.C. 20005
Tel: 202-644-8600
E-mail: acbenach@benachcollopy.com

Attorneys for the Plaintiff
BOYANG LU

# CERTIFICATE OF SERVICE

On September 7, 2017, I, Ava C. Benach, served the Complaint for Declaratory Relief in the Nature of Mandamus in the matter of Lu v. McCament, *et al* on each person/entity listed below as follows:

<u>By US mail, postage pre-paid, certified return receipt requested</u>

James McCament, Acting Director
U.S. Citizenship and Immigration Services
20 Massachusetts Avenue, NW
Washington, DC 20529

Nicholas Colucci, Chief of Immigrant Investor Program
U.S. Citizenship and Immigration Services
Immigrant Investor Program
131 M Street NE, Mailstop 2235
Washington, DC 20529

Elaine Duke, Secretary
Department of Homeland Security
245 Murray Lane, SW
Washington, DC 20528-0305

Channing D. Phillips
United States Attorney, District of Columbia
555 4th St., NW
Washington, D.C. 20530

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Ava C. Benach

Executed on September 7, 2017 at Washington, D.C.